ELLIS *vs.* BARNETT.

An execution for $58.91, predicated upon a debt contracted in 1873, was levied upon personal property of Barnett, the defendant. The debt was not one of those which, under the constitution, are good against a homestead. He had, before the levy, the property so levied upon set apart under the provisions of the constitution of 1877 as exempt. On submission of the case to the court, without a jury, he held the property not subject:

*Held*, that the court did not err, the amount of the property not being greater than that allowed by the Code or by the constitution of 1868, and it not appearing whether or not the exemption would be good thereunder.

Homestead. Before Judge HILLYER. Newton Superior Court. March Term, 1880.

Reported in the decision.

E. WOMACK, for plaintiff in error.

A. B. SIMMS; CAPERS DICKSON, for defendant.

HAWKINS, Justice.

This was a claim case tried in Newton superior court by the judge on an agreed statement of facts, without a jury, and the judge decided the property not subject.

This is the only error complained of. The agreed facts were as follows: It is conceded by counsel for the parties that the debt on which the *fi. fa.* was issued, was contracted in 1873 and not embraced in any of the exceptions specified in either the constitution of 1868 or 1877. That the property levied on is homestead property and the proceeds thereof—that application for said exemptions was made after and in conformity to the constitution of 1877, and the same was duly exempted by the ordinary in April, 1878.

It does not appear from the above agreement, from the

record of this case, or otherwise to this court, whether the exemption claimed would be good under the constitution of 1868 or under section 2040 of the Code.

The *fi. fa.* was for $58.91 principal, levied on eight acres of growing cotton, more or less, in the field, 1,200 pounds in the house; ten acres of corn, more or less, (about fifteen barrels); also 500 bundles of fodder; also one gray mare, ten years old. This property does not exceed the amount allowed by the Code or the constitution of 1868.

The question therefore presented by this bill of exceptions is not what estate vests in the applicant for a homestead of $1600.00 under the constitution of 1877, nor whether the same can be held or taken against existing liens by judgment or debts contracted theretofore, and we do not decide that question; from all that appears from the record before us, the property levied on could stand exempted from the debt of 1873, whether under the Code or the constitution of 1868.

Judgment affirmed.